United States District Court
for the
Southern District of Florida

| German International School of Fort Lauderdale, LLC, Plaintiff, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-60741-Civ-Scola |
| Certain Underwriters at Lloyd's, London., Defendant. | ) ) | |

**Order on Motion to Dismiss and Compel Arbitration**

This matter is before the Court upon the Defendant's Motion to Dismiss and Compel Arbitration filed on March 21, 2019. (ECF No. 3.) The Plaintiff has not filed a response and the time to do so has now passed. Upon review of the Defendant's motion, the record, and legal authority, the Court **grants** the Defendant's motion. (**ECF No. 3.**)

**I.   Background**

The Plaintiff originally filed its Complaint in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida on February 2, 2019. (ECF No. 1-2.) The complaint alleges one count for breach of contract. (*Id.*) The Plaintiff alleges that the Defendant breached the insurance policy held by Plaintiff by refusing to pay for damage caused by Hurricane Irma. (*Id.* at 5-6.)

On March 21, 2019, the Defendant removed the case to federal court, pursuant to 27 U.S.C. §§ 1441 and 1446. (ECF No. 1 at 2.) On the same day, the Defendant filed its motion to dismiss and compel arbitration. (ECF No. 3.) The Defendant asserts that there is a valid arbitration clause within the insurance policy that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and, thus, the Court has jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205. (*Id.*) The Plaintiff did not respond to the Defendant's motion.

The arbitration clause at issue states the following:
> If the Assured and the Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent

> and disinterested umpire. The arbitrators together shall determine such matters in which the Assured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.

(ECF No. 3 at 3.)

The Defendant moves to dismiss this case and compel arbitration or, in the alternative, stay this action pending the outcome of arbitration.

## II. Jurisdiction

The Court has jurisdiction pursuant to 9 U.S.C. §§ 203 and 205. Section 203 confers subject matter jurisdiction upon a district court over cases that "arise under the laws and treaties of the United States." *See Bautista v. Star Cruises,* 396 F.3d 1289, 1294 (11th Cir. 2005). And Section 205 permits "removal of disputes relating to arbitration agreements covered by the Convention." *Id. See also VVG Real Estate Inves. V. Underwriters at Lloyd's, London,* 317 F. Supp. 3d 1199, 1204 (S.D. Fla. 2018) (Bloom, J.) ("a district court exercises original jurisdiction over an action or proceeding that falls under the Convention because it is deemed to arise under the laws and treaties of the United States.") (internal citations and alterations omitted).

## III. Legal Standard

The Federal Arbitration Act (the "FAA") governs the validity of an arbitration agreement. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)). The FAA "embodies a liberal federal policy favoring arbitration agreements." *Id.* (citing *Caley*, 428 F.3d at 1367) (internal quotations omitted). The FAA provides that a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* (internal quotations and citations omitted).

The Convention is codified into Chapter 2 of the FAA. 9 U.S.C. §§ 201-208. The Convention is an international treaty that allows citizens of signatory countries the right to enforce arbitration clauses in contracts. "Under the Convention, the district court must conduct a 'very limited inquiry' in determining whether to enforce an agreement to arbitrate." *VVG Rea Estate*, 317 F. Supp. 3d at 1204 (quoting *Bautista v. Star Cruises,* 396 F.3d 1289, 1294 (11th Cir. 2005). The party opposing the motion to compel arbitration "has the

affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Id.*

## IV. Analysis

In order to compel arbitration under the Convention, the district court must determine if the following four jurisdictional requirements are met.

> (1) There is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convection; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Bautista*, 396 F.3d at 1294 n.7. Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *VVG Real Estate*, 317 F. Supp. 3d at 1204.

First, the policy contains an agreement in writing to arbitrate "if the Assumed and Underwrites fails to agree in whole or in part regarding any aspect of this Policy." (ECF No. 3 at 3.) Here, the parties disagree as to the Defendant's duty to cover damage allegedly caused by Hurricane Irma. This is "an aspect of the Policy." *See id.* at 1205 (holding that Lloyd's policy with same arbitration clause was an agreement in writing to arbitrate coverage under the Convention). The second *Bautista* factor requires that the agreement provide for arbitration in the territory of a signatory of the Convention. Although the arbitration clause does not specifically provide for the location of arbitration, there is a provision immediately preceding the arbitration clause stating that any action brought against Underwriters must be in the United States of America, "in a court having proper jurisdiction." (ECF No. 3-1 at ¶ 11.) "[T]his language, coupled with the arbitration clause, is sufficient to meet the second *Buatista* factor." *See VVG Real Estate*, 317 F. Supp. 3d at 1205.

The next *Bautista* factor requires that the agreement arise out of a commercial relationship. The relationship between the Plaintiff and the Defendant arises out of an insurance contract in which the Defendant will insure the property owned by the Plaintiff in the event of certain losses. This is a commercial relationship between the insurer and insured. *See id.* ("Courts in

this District have found insurance agreements to be commercial in nature."). Therefore, the third *Bautista* factor is satisfied.

Lastly, "a party to the agreement is not an American citizen." *Bautista*, 396 F.3d at 1294 n.7. Here, the Defendant is a syndicate and a portion of the insurance policy is subscribed to by Syndicate 2001, which is not a citizen of the United States. (ECF No. 3 at 7.) Syndicate 2001 is wholly owned by Amlin Underwriting Ltd., which is organized and maintains its principal place of business in the United Kingdom. *Id.* Therefore, the last *Bautista* factor is satisfied and the Court may compel arbitration. *See VVG Real Estate,* 317 F. Supp. 3d at 1205.

The Plaintiff does not assert affirmative defenses or claim that the agreement is "null and void, inoperative or incapable of being performed." *Bautista*, 296 F.3d at 1301. Accordingly, the Court must compel arbitration. *See VVG Real Estate,* 317 F. Supp. 3d at 1207.

## V. Dismissal or Stay

Section 3 of the FAA states that district courts "shall" stay proceedings pending arbitration upon the motion of a party. 9 U.S.C. § 3. However, where all issues presented in the lawsuit are arbitrable and the plaintiff has not requested a stay, the Eleventh Circuit and this Court have found that a dismissal of the lawsuit is a proper remedy. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005); *Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) (King, J.); *Stapleton v. Nordstrom, Inc.*, No. 19-20193, 2009 WL 10667803, at *4 (S.D. Fla. Aug. 11, 2009*), report and recommendation adopted,* No. 09-20193-CIV, 2009 WL 10668756 (S.D. Fla. Sept. 30, 2009), (Seitz, J.). The Plaintiff's one-count complaint is based on whether the Defendant should cover certain losses under the contract. As discussed above, this question is subject to arbitration. Moreover, the Plaintiff has not responded to the motion or otherwise requested a stay. Thus, the Court finds that all of the Plaintiff's claims are arbitrable, and that dismissal of this matter is proper. *See Olsher Metals Corp. v. Olsher,* No. 01-3212-CIV, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003) (Jordan, J.) (dismissing case in which broad arbitration clause applied to each claim).

## VI. Conclusion

The Defendant's motion to dismiss and compel arbitration (**ECF No. 3**) is **granted**. The Plaintiff is compelled to submit his claims to arbitration and the case is **dismissed with prejudice**. The Clerk of Court is directed to **close** this case.

**Done and ordered** at Miami, Florida, on May 13, 2019.

_____
Robert N. Scola, Jr.
United States District Judge